Case No. 9,725.
MONTFORD v. HUNT.
[3 Wash. C. C. 28.] 1
Circuit Court, D. Pennsylvania. April Term, 1811.

RES JUDICATA—ESTOPPEL—BILL FOR RELIEF FROM JUDGMENT—EFFECT OF FORMER SUIT.

The plaintiff had filed a bill on the equity side of the circuit court of Georgia, against the defendant, in which he sought relief from a judgment obtained against him upon a promissory note drawn by him, claiming that the amount of the note had been paid by the endorser, against whom a suit had been instituted in a state court in Pennsylvania; and who, having been taken in execution under a capias ad satisfaciendum, gave the plaintiff certain securities, (afterwards found of no value,) and was then discharged from the execution. The bill was dismissed in Georgia; and the plaintiff having paid to the defendant the amount of the judgment, instituted this suit to recover the sum paid by him, on the ground, that the discharge of the endorser from execution, was a satisfaction of the debt. Held, that the decree of the circuit court of Georgia, was conclusive on the plaintiff; the same facts, as those now relied upon, having been before that court, or which might have been submitted by the plaintiff in the bill, to the consideration of the court, at the time of the proceeding.
[Cited in Draper v. Gorman, 8 Leigh, 646.]

The case was as follows: The defendant recovered a judgment against the plaintiff in the circuit court for the district of Georgia, upon a promissory note given by Gibson to Young, endorsed by Young to the plaintiff, and by the plaintiff to the defendant. At the same time, the defendant commenced an action in the state court of Pennsylvania against Young; recovered a judgment, and issued a capias ad satisfaciendum; upon which Young was taken, and afterwards discharged by the defendant from custody, upon giving to the defendant certain securities, which, however, produced no actual satisfaction of any part of the debt. The plaintiff filed a bill, on the equity side of the circuit court of Georgia, stating that the defendant had received satisfaction of his debt from Young, and obtained an injunction to the judgment at law. The discharge of Young, out of execution, was not known to the plaintiff, nor set forth in his bill; nor is it stated in the defendant's answer, but was fully

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

proved by the deposition of Mr. Duponceau, taken in the cause. The injunction was dissolved on motion, and the cause coming on to be heard, the court decreed that the judgment obtained by the defendant at law, against the plaintiff, had not been satisfied, and dismissed the bill. From this decree, Montford appealed to the supreme court of the United States, but not prosecuting the same, it was dismissed. Having paid to the defendant, the amount of the judgment obtained against him in the circuit court of Georgia, the plaintiff brought this action to recover it back, as money had and received; upon the ground, that the discharge of Young out of execution by the defendant, was a satisfaction of the debt, in like manner, as if Young had paid the money; and besides, that the securities assigned by Young to the defendant, should be considered as a satisfaction, though afterwards given up. It appears, that the whole subject, as urged by the plaintiff in this case, was in evidence before the circuit court of Georgia, in the equity suit.

Mr. Dallas and J. R. Ingersoll, for plaintiff, contended—1. That the discharge of Young, out of execution, was equivalent to satisfaction by a prior endorser, and consequently, that the payment by the plaintiff to the defendant, was so much money received to his use, which the defendant could not conscientiously retain. 2. That the decree on the equity side of the circuit court for the district of Georgia, was not conclusive, not being a case within the first section of the fourth article of the constitution; and if it is open to examination, it will appear that the court mistook the law. 3. If these points be established, then, upon the case of Moses v. M'Farlain [unreported], an action at law will lie, to recover money, erroneously paid under the judgment at law.

The court stopped Mr. Ingersoll, for defendant.

WASHINGTON, Circuit Justice. The case is too clear to admit of an argument. Even if an action for money had and received, would lie, to recover back money paid under a judgment unreversed and in full force, which the court by no means admits; still, the plaintiff has selected another remedy, and another jurisdiction to try his right; and the question now submitted to this jury, is in all its parts the very same which was brought before the equity side of the circuit court for the district of Georgia, where it received a final decision. If the plaintiff, from ignorance of facts, did not state his case properly in his bill, the deposition of Mr. Duponceau contained a full disclosure of all the facts necessary for him to know, and he might then have amended his bill, if he had thought it necessary. If the circuit court erred in the opinion on which the decree was founded, the plaintiff had his remedy by appeal, which he first took, and then abandoned. This decree, then, is conclusive between these parties; for it would be a strange anomaly in the jurisprudence of this country, if the judgment of a state court, should be conclusive in every other state, and yet, that the judgment of a circuit court, sitting in one state, should be considered as a foreign judgment in another state, and examinable before a circuit court sitting there, or before a court of that state. Plaintiff agreed to be called.—Nonsuit.